IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID DER SARKISSIAN,**

      **Plaintiff,**

*vs*.                                     **CRIMINAL ACTION NO. 1:05CV144**

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS d/b/a/
WEST VIRGINIA UNIVERSITY
SCHOOL OF MEDICINE,**

**and**

**DR. SHELLY NUSS,**

      **Defendants.**

## ORDER/OPINION

On the 16th day of February 2007, Defendants filed their "Consolidated Discovery Motion" [Docket Entry 97]. Plaintiff has not yet filed a response to the Motion nor was any response due at the time of this Order.

Defendants move the Court "for sanctions against plaintiff for failures to cooperate in discovery and/or to compel plaintiff to provide answers and responses to the Interrogatories and Requests for Production of Documents directed to the plaintiff and to permit these defendants to conduct additional discovery depositions."

In support of their motion, Defendants state as follows:

1,    Plaintiff filed his Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure on March 16, 2006 . . . .

2.    Since the filing of the Initial Disclosures on March 16, 2006, Plaintiff has not supplemented or amended the disclosures.

3. On November 30, 2006, the court entered an amended Scheduling Order in this matter . . .that Order was the culmination of two (2) requested extensions of time by the plaintiff related to the provision of expert witness disclosures.

4. On January 5, 2007, these defendants served their Interrogatories and Request for Production of documents upon plaintiff by electronic mail and U.S. postage prepaid . . . .

5. These Interrogatories and Requests were primarily directed to the underlying medical and expert evidence supporting plaintiff's claim under the Americans with Disabilities Act . . .

6. Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.04, plaintiff's answers and responses to said discovery requests were due on or before February 5, 2007.

7. On February 15, 2007, at approximately 6:34 p.m., the undersigned received from counsel for the Plaintiff by electronic mail "Plaintiff's Responses to Defendants' First Set of Interrogatories" and "Plaintiff's Responses to Defendants' first Set of Requests for Production of Documents . . . ."

8. As can be seen from the attached Exhibits 3 and 4, plaintiff interposed numerous objections . . . .

A review of the docket sheet in this case shows the following:

Plaintiff filed his complaint on October 20, 2005. Defendants filed their Answer to the Complaint on December 22, 2005. The court entered a Scheduling Order on March 6, 2006, with a date for completion of discovery of December 1, 2006, and a trial date of March 13, 2007. On April 25, 2006, the Court entered an "Agreed Order Authorizing Release of Medical and Mental Health Records of Plaintiff . . . ." That Order contained the following: "For the foregoing reasons, the Court hereby ORDERS the Plaintiff, David DerSarkissian, to execute a medical authorization

permitting the Defendants to discover his medical and mental health records upon presentation of same." On October 31, 2006, the Court entered an Amended Scheduling Order granting Plaintiff's First and Second Motions to Continue Dates for Expert Disclosure. That Order set the deadline for all discovery as January 9, 2007. Expert disclosures were set as due November 27, 2006, for the party bearing the burden of proof and December 11, 2006, for the party not bearing the burden of proof. The trial date was unchanged.

Plaintiff filed an "Expert Disclosure" On November 27, 2006, but concurrently filed a "Motion to Continue Deadline for Expert Report." Plaintiff's motion to continue was granted on November 30, 2006, by Order which also amended the Scheduling Order. That Amended Scheduling Order set the deadline for discovery as February 16, 2007. As in all the Court's prior Scheduling Orders, the following paragraph was included:

> All discovery shall be fully served and completed by **February 16, 2007.** "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses . . . .

(Emphasis in original.) The Amended Scheduling Order also set trial in this matter on April 17, 2007.

Plaintiff was granted leave to file and filed his Amended Complaint on November 30, 2006. The Order granting leave noted that Plaintiff indicated that "the amended complaint does not add additional parties or counts but clarifies the facts and counts that have already been pled." Further, Defendant had no objection to the filing of the Amended Complaint.

On December 20, 2006, Plaintiff filed his 26(a)(2)(A) statement, naming David B. Stein and Richard B. Edelman as expert witnesses, and Martin Boone and William Petit as fact witnesses not retained as experts, but who may offer "what could be characterized as 'expert' testimony."

Defendants filed their Motion to Dismiss and Partial Motion for Summary Judgment on December 21, 2006.

On January 5, 2007, Defendants filed their "First Set of Interrogatories and Request for Production of Documents." (Emphasis added). On February 16, 2007, Defendants filed the present "Motion to Compel."

The above recitation of the docket in this case clearly shows that Defendants' Motion to Compel was filed outside the deadline set by the Court's Amended Scheduling Order. On the other hand, the undersigned finds that does not relieve Plaintiff from timely filing complete Responses to the First Discovery Requests, even though those requests were not filed until January 5, 2007. According to Defendants' Motion, Plaintiff filed those Responses late.

The undersigned United States Magistrate Judge sees his role as preparing the case for trial or other resolution by the District Judge. As such, the undersigned does not see much use in "playing the blame game" with the parties at this time, particularly since the trial date is a mere six weeks away. The Court therefore does not find that Defendants' untimely filing of discovery requests invalidates those requests, and similarly finds Plaintiff's late filing of responses does not result in his waiver of any and all objections. Instead, pursuant to the Court's power to control discovery and its discretion in doing so, the Court Orders as follows:

1. Plaintiff shall, within eleven (11) days of entry of this Order, provide a Medical Release with not less than a 60-day restriction and, subject to future rulings of the Court, no limit with respect to the use of the medical records obtained under said release during the pendency of this civil action.

2. Plaintiff shall, within eleven (11) days of entry of this Order, provide a copy of his tax returns, both federal and state, for the past five years.

3. Plaintiff shall, within eleven (11) days of entry of this Order, provide a verification for his responses to Defendant's Interrogatories, indicating that those answers were provided by him under oath.

4. Plaintiff shall, within eleven (11) days of entry of this Order, supplement his responses with the identities of any health care providers or hospitals involved in the evaluation or treatment of his ADD/ADHD who have not already been disclosed.

5. Plaintiff shall, within eleven (11) days of entry of this Order, produce any and all documents promised in his Response to Request for Production 2.

6. Both parties shall cooperate in the scheduling of the depositions of one (1) of the three (3) physicians identified in Plaintiff's Response to Interrogatory No. 1; Plaintiff's father and mother, and David V. Stein, Ph.D. , such depositions to take place on or before March 23, 2007.

The Court further **ORDERS** that the discovery deadline set by the District Court is unchanged with the exception of allowing the above specific responses and depositions.

The Court further **ORDERS** that any documents produced pursuant to this Order are subject to the terms and conditions of the Agreed Protective Order submitted by the parties and entered by the Court on April 25, 2006.

The Court further **ORDERS** that with the exception of the above express requirements, all other requests, including requests for sanctions, contained Defendants' Motion are **DENIED**.

For docketing purposes, Defendants' Consolidated Discovery Motion [Docket Entry 97] is **GRANTED IN PART AND DENIED IN PART**. For reasons apparent to the court, no motion for fees and/or costs shall be entertained from either party, and all are expressly **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: March 5, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE